## Snyder, et al. v. The Board of Trustees of the La Grange Graded Common School District.

(Decided June 15, 1911.)

### Appeal from Oldham Circuit Court.

1.  Schools and School Districts—Issuing Bonds for Site and Building School House—Sinking Fund For Payment of Interest, etc.— Under Ky. St. Sec. 4481, providing for the issual of bonds by the Board of trustees of a graded common school district where such issue is authorized by a vote of such district, for the purpose of meeting the interest thereof and creating a sinking fund for the payment of the principal within thirty years. Held, that only so much can be collected each year to be applied to the discharge of the bonded indebtedness, and the legislature, knowing this, wisely provided that the board should determine when the bonds should be redeemed or paid.

2.  Option of Board of Trustees—Redemption of Bonds. There is nothing in the statute that would justify the contention that after the board of trustees had once exercised an option and determined when the bonds shall be redeemed it may thereafter exercise another option and fix a different time for redemption.

3.  Right of Redemption—Failure to so State in the Bond—When the board had issued the bonds, redeemable at any date within less than thirty years from the date of the issue, it has exercised its right of redemption, and it is not necessary to state in the bond that it is not redeemable before maturity, though this provision would not affect its validity

JAMES S. MORRIS for appellant.

A. T. LADD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The Board of Trustees of the graded common school of the La Grange district, in Oldham County, caused an election to be held in said district to take the sense of the qualified voters thereof on the question as to whether or not the district should issue and sell bonds for the purpose of purchasing a site and erecting a school-building thereon. A majority of the votes cast were in favor of the bond issue. Thereafter it was sought to enjoin the trustees from issuing the bonds on the ground that the election was irregular and the trustees were, on this account, without authority to proceed. The case was tried out in the lower court and the election held to be valid. Upon appeal here that judgment was affirmed. Snyder v. Board of Trustees, etc., 142 Ky., 739.

This litigation having been terminated, the defendants proceeded to issue the bonds to the amount of $13,-500, of the denomination of $100, $200, and $500 each, principal and interest payable at Louisville, Kentucky, and Cincinnati, Ohio, and to be due and payable as follows: $2,000 January 1, 1917, $1,500 January 1, 1920, $1,000 January 1, 1922, $1,000 January 1, 1924, and $1,000 each year thereafter up to and including January 1, 1932. The bonds were advertised for sale in various papers throughout the country, and a bid acceptable to the Board of Trustees was received therefor. But before delivery the prospective purchaser was advised that, under the provisions of Sec. 4481, Kentucky Statutes, the bonds were redeemable at the option of the school board at any time, and thereupon the bidder declined to proceed further in the purchase of the bonds.

For the purpose of having the statute in question construed, two of the citizens, residents and taxpayers in said district, brought this suit to enjoin the Board of Trustees from selling the bonds. The case was heard in the lower court and the injunction denied. Plaintiffs appeal. So much of the section of the statute involved as is material reads as follows:

"If two-thirds of the voters voting at said election vote in favor of the issue of the bonds, then the trustees of such graded common school district may issue the

bonds of said district for an amount not exceeding the constitutional limit and in conformity with the Constitution of this State. And for the purpose of meeting the interest of such bonds and creating a sinking fund for the payment of the principal thereof, the boards of trustees of their respective districts, where the issue of such bonds is voted, are authorized and empowered to levy annually a tax in addition to that already voted, which shall not increase the tax rate for school purposes in their respective districts to more than seventy-five cents on each one hundred dollars' worth of taxable property within this district. The said bonds may be of any denomination, in even hundreds, not exceeding one thousand dollars each, running not exceeding thirty years, and bearing interest at a rate not exceeding six per cent per annum, payable annually or semi-annually, as expressed in said bonds, payable to bearer, with interest coupons attached. They shall be signed by the president of said board of trustees and attested by the secretary thereof, shall pass by delivery, and shall be redeemable at the option of said board. Said bonds shall be sold by the trustees, or their authorized agent, for the highest price obtainable, but not for less than their face par value and accrued interest, and the proceeds paid over to the treasurer and applied to the uses and purposes contemplated in this law.''

It is contended for appellants that, under the language ''shall be redeemable at the option of said board,'' the board of trustees has the right at any time to call in and redeem the bonds issued by it, even though they have not matured, i. e., are not due. While appellee, the board of trustees, insists that the fair and reasonable construction of this language is that, under it the board of trustees is authorized and empowered to fix and determine the time and manner in which the bonds shall be redeemed, and that this constitutes their redemption at the option of the board.

The statute simply required that the bonds shall be redeemed within thirty years, and it is left to the discretion of the board to say whether or not they shall be issued for a less period than that time. The tax which the board may annually levy for the redemption of these bonds and the payment of the interest on such as are not redeemed, is limited. Only so much can be collected each year to be applied to the discharge of the bonded indebt-

edness, and the legislature, knowing this, and realizing that the board could best determine the time within which the tax collected would be sufficient to discharge the bonds, wisely provided that the board should determine when the bonds should be redeemed or paid. There is nothing in the statute that would justify the contention that, after the board has once exercised an option and determined when the bonds shall be redeemed, it may thereafter exercise another option and fix a different time for redemption. It was evidently not contemplated by the legislature to give the board such authority. This would destroy the stability, and to that extent the salability, of the bonds as an investment. Bonds that are well secured and have a long time to run command a better price upon the market than the same character of bonds that are issued for a limited period only. Where the board had issued the bonds redeemable at any date within less than thirty years from the date of the issue, it has exercised its right of redemption; and it is not necessary to state in the bond that it is not redeemable before maturity, though, of course, this provision would not affect its validity. Here the board has exercised its option in requiring that the bonds be redeemed at stated intervals, and neither this nor any subsequent board for said district has power to redeem said bonds before the dates fixed for their redemption. The Chancellor correctly so held. Judgment affirmed.